# Before the United States District Court for the Northern District of Ohio
# Eastern Division

| | | |
|---|---|---|
| **CYNDERILA PATRICK,** <br> 3000 Seabury Rd., Unit G <br> Brooklyn, MD 21225 <br><br> Plaintiff <br><br> -vs- <br><br> **KRISTI NOEM**, in her official capacity as Secretary of the Department of Homeland Security <br> c/o U.S. Department of Justice <br> 950 Pennsylvania Avenue, NW <br> Washington, DC 20530-0001 <br><br> -and- <br><br> **TODD LYONS**, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement <br> c/o U.S. Department of Justice <br> 950 Pennsylvania Avenue, NW <br> Washington, DC 20530-0001 <br><br> -and- <br><br> **PAM BONDI**, in her official capacity as Attorney General of the United States <br> c/o U.S. Department of Justice <br> 950 Pennsylvania Avenue, NW <br> Washington, DC 20530-0001 <br><br> -and- <br><br> **JOHN DOES 1–5, JANE DOES 1–5**, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **Case No.** <br><br><br><br><br><br> **Judge** <br><br><br><br><br><br><br><br> **Complaint for Damages and Injunctive Relief** |

| | |
|---|---|
| and/or **ENTITY DOES 1–5**, <br> c/o U.S. Department of Justice <br> 950 Pennsylvania Avenue, NW <br> Washington, DC 20530-0001 <br> <br> -and- <br> <br> **JOHN DOES 6–10**, **JANE DOES 6–10**, and/or **ENTITY DOES 6–10**, <br> c/o President Bill Johnson, <br> Youngstown State University <br> 1 Tressel Way, Youngstown, OH 44555 <br> <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF

1. Plaintiff Cynderila Patrick is a citizen of Nigeria lawfully admitted to the United States under an F-1 student visa. She currently resides in Brooklyn Maryland, and graduated from Youngstown State University (YSU) with M.S. in Chemical Engineering, May of 2024. She brings this civil action to challenge the arbitrary and unlawful termination of her SEVIS status and Optional Practical Training (OPT). Her SEVIS and OPT are originated in and derive from her enrollment at YSU.

2. Defendant Kristi Noem serves as the Secretary of the Department of Homeland Security (DHS). DHS oversees the Student and Exchange Visitor Program (SEVP), the regulatory body responsible for the creation, maintenance, and

2

termination of student visa records within the SEVIS system. Plaintiff sues Secretary Noem in her official capacity as the highest official within DHS.

3. Defendant Todd Lyons is the Acting Director of U.S. Immigration and Customs Enforcement (ICE), a sub-agency of DHS. ICE implements SEVP enforcement and manages related immigration procedures that include removal actions based on SEVIS status. Plaintiff sues Director Lyons in his official capacity.

4. Defendant Pam Bondi is the Attorney General of the United States and the appropriate official for service of process on behalf of the U.S. government and its agencies in this case. Plaintiff sues Attorney General Bondi in her official capacity.

5. Defendants JOHN DOES 1–5, JANE DOES 1–5, and/or ENTITY DOES 1–5 are unknown federal officials, officers, employees, or governmental entities acting under color of federal law whose decisions, acts, or omissions directly contributed to the unlawful termination of Plaintiff's SEVIS record and the violations of her rights alleged herein. These Defendants include persons affiliated with DHS, ICE, or SEVP. Plaintiff will amend the complaint to identify them when discovery reveals their identities. Service upon these Defendants shall be made in care of Pam Bondi, United States Attorney General.

6. Defendants JOHN DOES 6–10, JANE DOES 6–10, and/or ENTITY DOES 6–10 are unknown employees, officials, or agents of Youngstown State University who

participated in transmitting, enforcing, or implementing the SEVIS termination notification to Plaintiff. These individuals acted in their official capacities in cooperation with federal immigration enforcement, and Plaintiff will amend this complaint to name them as soon as discovery permits. Service for these Defendants shall be made in care of President Bill Johnson.

7. This Court possesses jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), and 5 U.S.C. § 702 (APA). Venue lies in this District under 28 U.S.C. § 1391(e) because a substantial part of the events giving rise to the claims occurred here and because the visa at issue ties to Youngstown State University.

## FACTUAL BACKGROUND

8. Plaintiff enrolled at Youngstown State University in the Fall of 2022 as an F-1 nonimmigrant student. She received a Form I-20 confirming her eligibility for student visa status and began her program in full compliance with the academic and legal requirements governing nonimmigrant student status. She also has a pending asylum claim.

9. Plaintiff had at all times maintained her visa status. She was enrolled full-time and was never convicted of any crime. In January of 2024, she received a complaint and summons for a fourth-degree misdemeanor menacing charge—Case No. 24CRB00016Y, *State v. Patrick*, Youngstown Municipal Court—following an

angry email exchange with a professor. That charge was dismissed in May of the same year. This, of course, is not a conviction or a criminal history, but rather the lack of same. And the termination notice listed neither the email exchange nor anything related as grounds for revocation.

10. On April 8, 2025, YSU's Office of International Programs notified Plaintiff by email that her SEVIS record had been terminated. The stated reason was generic and vague: "Individual identified in criminal records check and/or has had their VISA revoked." No further explanation, documentation, or contact preceded the termination. Plaintiff had not been contacted by DHS, ICE, or SEVP, nor had she been served with any formal notice of visa revocation.

11. The termination had immediate and severe consequences. Though Patrick has a pending asylum claim, the cancellation of her extant F-1 visa renders her legal status in the U.S. precarious. And in addition to the above, the termination of Plaintiff's F-1 visa status has rendered her ineligible to apply for or receive Optional Practical Training (OPT), a key benefit afforded to international students that allows for continued employment related to one's field of study. Because Plaintiff's SEVIS record was terminated, she no longer holds active F-1 status and cannot request a DSO recommendation, cannot submit a Form I-765 for work authorization, and faces automatic disqualification from both post-completion OPT and the STEM OPT extension. This disruption will severely hinder her

ability to gain professional experience in the United States, undermines the educational investment she has made, and places her at a competitive disadvantage in her field. The harm compounds daily as deadlines to apply for post-completion OPT pass, making judicial relief the only means to restore eligibility and avoid permanent exclusion from this critical opportunity. Indeed, at the time she received the notice, she was in the process of applying for extension of OPT.

12. Plaintiff also maintains a pending asylum application before U.S. Citizenship and Immigration Services, which places her in a uniquely vulnerable legal position that requires heightened procedural protection. While F-1 status and asylum eligibility can technically coexist, SEVIS termination introduces immediate complications that threaten both forms of relief.

13. The loss of F-1 status undermines her credibility in the asylum process by suggesting she violated immigration laws, which may influence discretionary decision-making by asylum officers or immigration judges. Thus, the agency's unilateral and unexplained action in terminating Plaintiff's SEVIS record inflicts compounded legal injury: it renders her ineligible for OPT and casts unwarranted doubt on her good-faith presence in the United States, to the prejudice of both her current and future immigration relief.

14. Plaintiff received no pre-deprivation notice or opportunity to be heard before her

legal status was revoked. She remains unaware of the factual or legal basis for SEVP's determination and lacks any administrative recourse to challenge it.

15. The action appears to derive from a systemic failure to apply DHS's own regulations, which require either specific violations of status or formal revocation of a visa before terminating SEVIS records. The agency's failure to articulate a basis, provide process, or follow governing law caused substantial harm to Plaintiff.

## CLAIMS FOR RELIEF

### COUNT 1
### Violation of the Administrative Procedure Act (APA), 5 U.S.C. § 706

14. Plaintiff incorporates by reference the preceding allegations.

15. The termination of her F-1 student status under the SEVIS system constitutes a final agency action because it marks the consummation of the agency's decision-making process and determines her legal rights and obligations. Courts recognize that actions terminating F-1 visa status satisfy the finality requirement under the APA.

16. The agency's decision must be set aside under the Administrative Procedure Act because it is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law. The applicable regulation, 8 C.F.R. § 214.1(d), outlines specific grounds for terminating F-1 status, none of which apply here. The

government failed to cite any legitimate basis for the termination, relying instead on vague and unexplained references that do not satisfy regulatory requirements.

17. The agency lacked statutory or regulatory authority to terminate Plaintiff's SEVIS record merely because of visa revocation. No provision of law authorizes that consequence absent a showing of specific misconduct, such as unauthorized employment or academic noncompliance, none of which exist in this case. Plaintiff's clean immigration and lack of criminal record underscore the baseless nature of the termination.

18. The government's failure to provide a factual explanation or notice deprived Plaintiff of any meaningful opportunity to respond. Without any communication detailing the grounds for the decision, Plaintiff could not assess, contest, or correct whatever issues the agency may have perceived.

19. The agency's unexplained and unsubstantiated decision not only lacks legal justification but also deprives Plaintiff of due process. And the courts have the authority to invalidate such conclusory or opaque agency actions. Because the government failed to demonstrate any factual or legal basis for its decision and ignored the procedural safeguards mandated by law, the termination should be vacated under the APA.

20. The above actions merit assumption of jurisdiction and are sufficient to merit attorneys' fees under 28 U.S.C. § 2412.

## COUNT II
## Violation of Civil Rights Under 42 U.S.C. § 1983 – Due Process

19. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

20. Defendants, acting under color of law, deprived Plaintiff of liberty and property interests without due process of law, in violation of the Fifth and Fourteenth Amendments.

21. Plaintiff had a constitutionally protected interest in her continued legal status and the completion of her educational program. Defendants terminated that interest without notice, explanation, or opportunity to respond.

22. The government failed to provide even the most basic procedural protections required under constitutional law. Its actions were arbitrary, capricious, unreasonable, and unconscionable.

23. Plaintiff seeks compensatory damages for the emotional, reputational, financial, and legal harms caused by the unlawful deprivation of her rights, along with appropriate equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief from this Court:

(a) Assume jurisdiction over this cause;

(b) A declaration that the termination of her SEVIS record violated the APA and her

constitutional rights;

(c) A temporary restraining order and preliminary injunction requiring Defendants to restore Plaintiff's SEVIS status and refrain from enforcement action based on the termination;

(d) An injunction barring Defendants from initiating or continuing removal proceedings against Plaintiff based on the now-terminated SEVIS record;

(e) Compensatory damages under 42 U.S.C. § 1983 for deprivation of her constitutional rights;

(f) Attorney's fees and costs under 28 U.S.C. § 2412, 42 U.S.C. § 1983, and/or or other applicable law;

(g) If necessary, allow her to supplant this pleading or a future pleading with her F-1 Visa, I-20, SEVIS email, and dockets/records of her dismissed case, all of which contain personal information, and should be filed under seal; and

(h) Issue any other relief this Court deems just and proper.

**Respectfully submitted,**

*s/ Rhys Cartwright-Jones*
Rhys Cartwright-Jones, Esq.
42 N. Phelps St., Youngstown, OH 44503
Phone: (330) 299-4077
Cell:  216-272-1938
Fax: (866) 223-3897
Email: rhys@cartwright-jones.com
**Attorney for Plaintiff Cynderila Patrick**

10